UNITED STATES DISTRICT COURT  
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES -- GENERAL

Case No.   **CV 24-2387-JFW(RAOx)**                                                        Date: May 8, 2024

Title:      Maurice Heffernan, et al. -v- Nationstar Mortgage, et al.

**PRESENT:**

   **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

   Shannon Reilly                                                None Present
   Courtroom Deputy                                            Court Reporter

**ATTORNEYS PRESENT FOR PLAINTIFFS:**          **ATTORNEYS PRESENT FOR DEFENDANTS:**
              None                                                                       None

**PROCEEDINGS (IN CHAMBERS):**     **ORDER DECLINING TO EXERCISE SUPPLEMENTAL JURISDICTION AND REMANDING TO SANTA BARBARA SUPERIOR COURT**

   On February 20, 2024, Plaintiffs Maurice Heffernan and Susan Heffernan (collectively, "Plaintiffs") filed a Complaint in Santa Barbara Superior Court.  On March 22, 2024, Defendant Specialized Loan Servicing LLC removed this action to this Court, alleging that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiffs' eleventh cause of action alleged a violation of Regulation X, codified at 12 C.F.R. 1026.40, *et seq.*, and Plaintiffs' thirteenth cause of action alleged a violation of the Racketeer Influenced and Corrupt Organizations Act, codified at 18 U.S.C. §§ 1961-68.  Notice of Removal (Docket No. 1), ¶ 12.  On April 23, 2024, Plaintiffs filed a First Amended Complaint ("FAC"), which dismissed all of the federal claims Plaintiffs had alleged in their original Complaint.  As a result, Plaintiffs' FAC only contains state law claims.

   In light of the fact that Plaintiffs have dismissed the only claims over which this Court has original jurisdiction, and after considering judicial economy, convenience, fairness, and comity, the Court declines to exercise supplemental jurisdiction over Plaintiffs' remaining claims. See 28 U.S.C. § 1367(c); *Satey v. JPMorgan Chase & Co.*, 521 F.3d 1087, 1091 (9th Cir. 2008) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 351 (1988)) ("'[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine – judicial economy, convenience, fairness, and comity – will point toward declining to exercise jurisdiction over the remaining state law claims.'").  Accordingly, this action is hereby **REMANDED** to Santa Barbara Superior Court.

   IT IS SO ORDERED.